ARGUMENT

Defendant seeks summary judgment pursuant to Fed. R. Civ. P. 56(b). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The purpose for seeking such a judgment is to isolate, and then terminate, claims and defenses that are factually unsupportable. *Celotex Corp. v. Catrett*, 477 U. S. 317, 232-324, 106 S.Ct.2548, 91 L.Ed. 2d 265 (1986).

Where a moving party meets its burden of showing, with admissible evidence, that a claim may be without a genuine issue of triable fact, the non-movant must then produce substantial evidence if an entry of judgment is to be avoided. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 252, 106 S.Ct. 2505, 9 L.Ed. 202 (1986). When faced with a viable motion for summary judgment, the non-moving party must come forward with at least one sworn averment of specific fact essential to his claims or defenses before the time consuming process of litigation will continue. *Lujan v. National Wildlife Federation*, 497 U. S. 871, 888-889, 110 S.Ct. 3177, 111 L.Ed. 2d 695 (1990). Mere assertions are not sufficient, *Celotex*, supra; Fed. R. Civ. P. 56(e).

In this District it has been held that motions for summary judgment may be appropriate in age discrimination cases. *Butchko v. Textron Lycoming*, 796 F. Supp. 63 (D. Conn. 1992).

I.   PLAINTIFF HAS FAILED TO ESTABLISH

A PRIMA FACIE CASE OF AGE

<u>DISCRIMINATION</u>

The seminal case establishing the manner in which a circumstantial case of discrimination may be established is <u>McDonnell Douglas Corp. V. Green</u>, 411 U. S. 792, 93 S.Ct. 1817, 36 L.Ed. 668 (1973) which sets forth a burden-shifting test.  This test is modified somewhat for cases where a reduction in force or job elimination occurs.

First, a Plaintiff must set forth a prima facie case.

> To make a prima facie showing of wrongful discharge under the ADEA, a plaintiff must demonstrate: (1) that he was within the protected age group, (2) that he was qualified for the position, (3) that he was discharged, and (4) that the discharge occurred under circumstances giving rise to an inference of discrimination. <u>Cronin v. Aetna life Ins. Co.</u>, 46 F.3d 196, 204 (2d Cir. 1995) (internal quotation marks omitted).  "[T]he showing the plaintiff must make as to the elements of the prima facie case in order to defeat a motion for summary judgment is *de minimis*." (Internal quotation marks omitted).

<u>Sutera v. Schering Corp</u>., 73 F.3d 13, 16 (2d Cir. 1995).
In the instant matter, the first three elements of the test for a prima facie case are acknowledged by Defendant to exist.  Plaintiff is within the protected age group Complaint and Answer at ¶¶8; Plaintiff was qualified for the position in that he had performed in a satisfactory manner, Answer at ¶13; and he was discharged, Answer at 15.  However, even considering the *de minimis* nature of the showing which Plaintiff must make, SSC does not believe that he has shown circumstances which give rise to an inference of age discrimination.

Typically, the final element is shown by an allegation and proof that a plaintiff in

the protected class was replaced by a younger person, even if the younger individual is still within the protected group. *See, e.g.,* O'Conner v. Coin Caterers Corp., 116 S.Ct. 1307, 70 FEP 486 (1996).

In the case of a reduction in force or job elimination, however, there may not be any replacement. For this reason the Second Circuit test merely requires some circumstance which gives rise to an inference of discrimination. In Gallo v. Prudential Services, 22 F.3d 1219 (2d Cir. 1994) the Court considered an age claim in the face of an alleged job elimination where no younger replacement was hired. Instead, Plaintiff's duties were transferred to others and some of her functions were eliminated. However, within a short time following Plaintiff's discharge her duties were re-established. From this "systematic resurrection" the Court found sufficient circumstances from which a discriminatory motive could be inferred. There are no such circumstances in this case. Baldassario's position as area manager in the Hartford district was eliminated on July 30, 2002 and remains so to this day. So, from what circumstances would this Plaintiff have the Court draw an inference of age discrimination ?

At his deposition Plaintiff was asked why he believed that he was the victim of discriminatory conduct. The first exchange went this way:

Q. So it [the termination] was pretty surprising to you?

A. Yes.

Q. You had no reason in your own mind, no basis to see the possibility of a separation?

A. No.

Q. There came a time that you concluded that that separation was motivated to some degree by discrimination based on your age; is that correct?

> A. Yes.
>
> Q. Why do you think that is true? What do you rely on? What facts do you see that support that?
>
> A. Well, I was the oldest age wise person in the Company and the oldest seniority person in the company. And other than that there is no explanation I can think of. Two days before the termination, my wife and I were at a company function and my wife was hugged and kissed by the owners stating that it had been a great 22 years, how we hope it will be forever, and the next day I'm gone.

Baldassario 55, line 14 - 56, line 9.

Plaintiff was then given another opportunity to review this subject.

> Q. So far I understand the general basis for your claim of age discrimination to rest on the observations that you were the oldest person in the company, that you were the most senior person in the company, and that you are unable to reach any other explanation for your separation?
>
> A. Correct.

Baldassario 60, line 24 - 61, line 6.

From Plaintiff's responses there does not seem to be very much from which to draw an inference of discrimination. His feelings were hurt. After 22 years that is a very understandable reaction. It does not, however, form the predicate for an age claim.

In his Complaint, Plaintiff suggests two additional circumstances from which an inference of discriminatory conduct might be drawn. First he notes that "a substantially younger individual" was hired "within six months of Plaintiff's termination, who assumed the majority of the responsibilities of Baldassario after his termination." Complaint ¶16(b). Plaintiff then embroiders on this allegation in the following paragraph referring to his "substantially younger replacement." Complaint ¶17. Perhaps these variations are not fatal in and of themselves. However, SSC believes that the actual admissible

facts are fatal to Plaintiff's prima facie case.

Baldassario identified the younger individual as Eric Griffin. Griffin was hired in late January or early February, 2002. Griffin's employment contract, dated January 30, 2002 and countersigned by Plaintiff is attached to the Linsky Affidavit as Exhibit A. Griffin, as Baldassario admitted, was a field inspector hired to fill a vacant position created after the termination of the earlier incumbent, a termination recommended by Baldassario. Baldassario interviewed Griffin, recommended him for hire, trained Griffin and supervised him. The alleged fact that Plaintiff was then replaced - - in whole or in part  - - by Griffin seems unlikely.

When reminded that he participated in hiring Griffin as a field inspector Baldassario testified this way:

> Q. Do you still believe its true that Griffin assumed the majority of your responsibilities when you left?
>
> A. When I went on vacation, he took over my position when I went on vacation for two weeks.
>
> Q. Well, Mr. Baldassario, when the area manager  - - in this case you  - - goes on vacation from time to time over a period of years, isn't it common to designate one of the field inspectors to cover for you?
>
> A. Yes it is.
>
> Q. So that was not a break with any past practice, was it?
>
> A. No.

Baldassario 61, line 19 - 62, line 7.

The field inspector job description, requires field inspectors to fill in for area managers in their absence. MBX - 4, at item 6. This is different, however, from replacing them. Griffin himself denies having replaced Baldassario and notes that he had less client

contact and does less tabulation of hours now than he did when he was reporting to Baldassario. Griffin Affidavit at ¶5.

Finally, Plaintiff alleges that there were numerous other positions for which he was qualified but which were filled by individuals younger than himself. Complaint ¶16(c). There is no specification as to the positions to which he refers, no claim that he has, or should have "bumping rights" cf. *Butchko*, 796 Fed. Supp at 66; no allegation that the other positions are substantially equivalent. At his deposition Plaintiff failed to note any such individuals. What inference can any rational trier fo fact draw from this unsubstantiated allegation?

Defendant believes that Plaintiff has failed to meet his *de minimis* burden with respect to the fourth element of the *McDonnell-Douglas* test for a prima facie case. Alternatively, should the Court wish to defer its decision on this difficult issue, Defendant believes that Plaintiff cannot sustain his shifting burden under *McDonnell-Douglas*.