II.  DEFENDANT HAS ARTICULATED A SUFFICIENT, NON-DISCRIMINATORY BUSINESS JUSTIFICA- TION IN SUPPORT OF PLAINTIFF'S SEPARATION.

Assuming, *arguendo*, that Plaintiff has articulated a prima facie case, the burden shifts to Defendant to articulate a legitimate non-discriminatory reason for its employment decision. <u>Sutera v. Schering Corp</u>., 73 F.3d 13, 16 (2d Cir. 1995). Defendant's burden is one of production rather than persuasion. <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 257, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Defendant must state only a "clear and specific" reason for its conduct. <u>Butchko v. Textron Lycoming</u>, 496 F. Supp. at 66, *citing* <u>Meiri v. Dacon</u>, 759 F.2d 989, 997 (2d Cir. 1985).

A.  <u>Defendant's Legitimate, Non-Discriminatory Business Motive.</u>

In this case, SSC experienced a series of events which in the Spring, 2002 which motivated it to make a change in its business operations. Insurance costs increased dramatically; industry consolidation giving rise to increased competition was a concern; the uniformed security division was not operating at a profit and it was that division which was the highest cost, lowest profit margin segment of SSC's business. Michael Burbage was asked to assess the uniform security division and recommend changes.

As Burbage looked at his division, he saw that the Hartford region was stagnant, shrinking somewhat. Bridgeport/White Plains on the other hand was growing. Burbage recommended several reductions, including the elimination of the Hartford area manager, Plaintiff's position. This recommendation, later accepted by David Linsky,

was clearly warranted by the business climate.

Plaintiff claims to have been shocked by his job elimination. Perhaps he was. Burbage notes that he did not discuss his recommendations with anyone except David Linsky. So, Plaintiff would not necessarily have known of his impending lay-off.

Plaintiff claims to have been replaced by another, younger worker but as previously discussed, such was not the case.

SSC's decision to eliminate Plaintiff's position was a legitimate, non-discriminatory, business-related decision.

B. Plaintiff's Failure To Establish Pretext.

The final step in the *McDonnell-Douglas* burden sifting test is to allow Plaintiff an opportunity to rebut or disprove Defendant's rationale, showing that it is a mere pretext to mask a discriminatory motive. *Sutera*, supra; *Butchko*, supra at 66.

The only such claims of which SSC is aware arise from Baldassario's deposition. First, he denied that the Hartford district had lost work. To the contrary, Plaintiff believed that hours had increased. Baldassario 105-106. Burbage clearly contradicts this assertion based upon an actual tabulation of hours. As noted in the affidavit of counsel filed simultaneously herewith, the actual tabulations showing hours lost and gained broken out by client accounts have been provided to Plaintiff for his review.

The only other claim is Plaintiff's reference to having been greeted warmly at a

company function shortly before he was separated. Baldassario 56. He might choose to claim that there is an inconsistency of attitude toward him that undermines SSC's non-discriminatory business reason. Should such a claim be made, it hardly seems probative.

In *Butchko* the Plaintiff noted that his actual job title had been changed around the time of his termination. 796 F. Supp. At 66. The Court held, however, that the mere presence of inconsistent statements is not sufficient. Similarly, the Court rejected Mr. Butchko's subjective belief that he was discriminated against finding it to be insufficient. *Id.* At 67.

It does not appear that Plaintiff will offer any significant rebutting evidence in the instant matter, although that question is perhaps better left for resolution after his responsive papers are filed.

## CONCLUSION

For all the foregoing reasons, Defendant, Security Services of Connecticut, Inc., respectfully requests that summary judgment enter in its favor and that the Complaint be dismissed in its entirety.

                                                Respectfully submitted,

                                                THE DEFENDANT
                                                SECURITY SERVICES
                                                   OF CONNECTICUT, INC.

By:_____
    Peter E. Gillespie (ct06554)
    46 Riverside Avenue
    Westport, CT 06880
    Tel: (203) 227-7000
    Fax: (203) 454-5508
    Email: petelaw@attglobal.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served this 29th day of January, 2002 upon the following by first class post, postage pre-paid:

Igor Sikorsky, Esq.
P. O. Box 38
Unionville, CT 06085

_____
Peter E. Gillespie