UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL J. BALDASSARIO,<br>Plaintiff, | \*<br>\*<br>\* |
| | \* Docket No. 3:03-CV-308 (MRK) |
| | \* |
| v. | \* |
| | \* |
| | \* JANUARY 29, 2004 |
| SECURITY SERVICES OF<br>CONNECTICUT, INC.,<br>Defendant. | \*<br>\*<br>\* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S LOCAL RULE 56(A)(1) STATEMENT
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)(1), Defendant submits this statement setting forth the material facts in this matter as to which it believes that there is no genuine issue to be tried.  Reference is made to excerpts from the deposition transcript of Plaintiff's deposition (cited as "Baldassario at ___" or "MBX __" for exhibits) and the affidavits of Louise Linsky, Michael G. Burbage and Eric Griffin, all of which are submitted simultaneously herewith.

1. Defendant, Security Services of Connecticut, Inc. ("SSC") is engaged in providing uniformed security services and other security services such as investigations and security for high technology clients. Burbage Affidavit at ¶3

2. Plaintiff was employed by as an area manager in SSC's Hartford district.

Burbage Affidavit at ¶4.

3. In his position Plaintiff was engaged in supervising a portion of SSC's uniformed security services. Burbage Affidavit at ¶4.

4. In or about March, 2002 SSC learned of a 260% increase for its unemployment compensation costs. Linsky Affidavit at ¶3.

5. In or about April, 2002 SSC learned that for the second year in a row its premium costs for an insurance package of workers compensation, general liability and umbrella insurance coverage would subject to a significant increase amounting to an overall increase of 214.97% over a three year period. Linsky Affidavit at ¶4.

6. Of all of SSC's business operations, the uniformed security division is the most labor intensive and the biggest single contributor to insurance cost increases. Linsky Affidavit at ¶4

7. In Spring, 2002 SSC's uniformed security division was not profitable. Burbage Affidavit at ¶9; Linsky Affidavit at ¶5.

8. At all times material in this matter, SSC's uniformed security division was organized into two regions: Hartford and Bridgeport/White Plains. During the period January 1, 2000 to July 31, 2002 uniformed security operations in Hartford shrank by a net amount of 753.75 hours per week. During the same period the Bridgeport/White Plains district experienced a net increase in its unformed security operations of 6, 377 hours/week. Burbage Affidavit at ¶10.

9. Based upon the economic concerns arising from the facts set forth in ¶¶4, 5,

6, 7, and 8, above, the owners of SSC decided to try to shift the focus of SSC's business from the high cost, low margin uniformed security division to higher profit areas, such as investigations and technology. It was also determined that we should attempt to cut costs in SSC's uniformed security division. Burbage Affidavit at ¶¶11, 12; Linsky Affidavit at ¶6.

10. Several changes were made in response to the decision described in ¶9, above. As to investigations, the division was relocated to Hartford, a new head of the investigation division was hired, as was a new sales manager. Linsky Affidavit at ¶7.

11. In addition, Mr. Burbage was asked to prepare recommendations for the uniformed security division. Burbage Affidavit at ¶11; Linsky Affidavit at ¶8. Mr. Burbage did prepare such recommendations and presented them on or about July 1, 2002. His recommendations, calling for a net reduction of three positions in the uniform security division, were adopted. Mr. Burbage's recommendations identified the three positions to be eliminated, specifically including that of the Hartford area manager, Plaintiff's position. Burbage Affidavit at ¶13; Burbage Affidavit Exhibit B; Linsky Affidavit at ¶9.

12. Plaintiff's age played no role in his selection for lay-off and was not a consideration in making the decision. Burbage Affidavit at ¶16; Linsky Affidavit at ¶10.

13. In late July 2002 Plaintiff was on vacation. He was informed of the decision to lay him off when he returned to work, on or about July 30, 2002. Baldassario at 67-68; Burbage Affidavit at ¶¶14, 17.

14. At the time when he was informed of his lay-off, Plaintiff also was informed that he could continue to use SSC's facilities. Baldassario at 72; Burbage Affidavit at ¶18; Linsky Affidavit at ¶11.

15. At the time when he was informed of his lay-off, Plaintiff also was informed that SSC would continue to pay his base salary until he found new employment. Baldassario at 68; Burbage Affidavit at ¶18; Linsky Affidavit at ¶11.

16. Following the time when he was informed of his lay-off, SSC managers contacted Murphy Security, a competitor, in an ultimately successful effort to assist Plaintiff in gaining new employment. Baldassario at 72; Burbage Affidavit at ¶19; Linsky Affidavit at ¶12.

17. Following the time when he was informed of his lay-off, SSC managers wrote letter of recommendation for Plaintiff. Baldassario at 69, 70-71; MBX 6; Burbage Affidavit at ¶19; Linsky Affidavit at ¶12.

18. Following the time when he was informed of his lay-off, SSC managers provided Plaintiff with information concerning open positions in the Hartford area so as to assist Plaintiff with his job search. Baldassario at 68-69; Burbage Affidavit at ¶19; Linsky Affidavit at ¶12.

19. Plaintiff's position, which was eliminated, has not been reinstated. It remains unfilled and inactive to this day. Burbage Affidavit at ¶17.

20. Plaintiff's duties were re-distributed to the Hartford regional manager and other area managers. Burbage Affidavit at ¶21.

21. Eric Griffin did not replace Mr. Baldassario, nor did he assume Baldassario's duties. Burbage Affidavit at ¶¶13, 20; Griffin Affidavit at ¶5. Mr. Griffin was hired as a field inspector to replace an individual in that same position who had earlier left employment. Baldassario at 35. Mr. Griffin continues to work as a field inspector to this day. Griffin Affidavit at ¶5.

Respectfully submitted,

THE DEFENDANT
SECURITY SERVICES
    OF CONNECTICUT, INC.

By:_____
    Peter E. Gillespie (ct06554)
    46 Riverside Avenue
    Westport, CT 06880
    Tel: (203) 227-7000
    Fax: (203) 454-5508
    Email: petelaw@attglobal.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served this 29th day of January, 2002 upon the following by first class post, postage pre-paid:

Igor Sikorsky, Esq.
P. O. Box 38
Unionville, CT 06085

_____
Peter E. Gillespie