UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL J. BALDASSARIO | : | 3:03-CV-308 (MRK) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| SECURITY SERVICES OF | : | |
| CONNECTICUT, INC. | : | |
| Defendant. | : | APRIL 27, 2004 |

## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

**FACTUAL BACKGROUND**

The plaintiff does not quarrel with most of the factual background as set forth by the defendant. Clearly, Baldassario was a long-term employee and there could be no question as to his loyalty and faithful performance. No claim could be made that his termination was based on any performance inadequacies. Rather, the defendant asserts economic necessity. As to this, the plaintiff attaches an affidavit that seriously questions the factual basis of the claims of economic necessity. Both parties have sought to preserve the defendant's right to maintain confidentiality in the exact clients it has. However, since economic necessity has been raised as the core reason for the defendant's action, we have submitted a counter affidavit and statement of material facts in dispute. We have sought to preserve the

confidentiality of specific clients, as requested by the defendant, but still set forth the crucial issues of fact. The underlying facts in dispute are set forth in the Baldassario Affidavit attached hereto.

**ARGUMENT**

**I.    A MOTION FOR SUMMARY JUDGMENT MUST MEET THE MOST STRINGENT STANDARDS.**

Defendant has moved for summary judgment. But summary judgment can only be granted when there are no issues of material fact and thus the moving party is entitled to judgment as a matter of law. Levin v. Analysis & Technology, 960 F.2d 314, 316 (2d Cir. 1992). Thus, summary judgment is only appropriate when even after the court resolves all ambiguities and inferences from the underlying acts in favor of the non-moving party, the moving party is entitled to judgment as a matter of law. See id; see also, Tuck v. Henkel, 973 F.2d 371 (4th Cir. 1992).

Summary judgment normally is inappropriate when intent and state of mind are issues, as there where there is an issue of what was Defendant's intent and state of mind in choosing Baldassario, its senior staff member, for termination. Montana v. First Federal S & L of Rochester, 869 F.2d 100, 103 (1989).

Because material facts remain in dispute as to whether defendant discriminated

against Baldassario on the basis of his age, summary judgment must be denied as to plaintiff's Complaint.

For defendant to successfully challenge Baldassario's ADEA claim it must either show that there is not even a material issue of fact that he could have a prima facie case, or that there is not even a material fact that Defendant's alleged non-discriminatory legitimate business reason for discharging Baldassario is in fact legitimate and thus no discrimination occurred. See Levin, 960 F.2d at 316-17; cf. St. Mary's Honor Center v. Hicks, 61 U.S.L.W. 4782, 4784 (6-22-93). St. Mary's Honor Center says that if the proferred non-discriminatory reason in a Title VII case is found false, then a jury may infer discrimination occurred. Id. It thus implies that in an ADEA case, summary judgment must be denied if a dispute over a material fact exists over whether defendant's proferred reason is the real reason. The denial is warranted because the fact-finder may then infer discrimination occurred from the proferred reason being false. Thus, as long as material issues of fact remain over whether Baldassario has proven a prima facie case and over whether defendant's proferred reason is legitimate, summary judgment must be denied as to his ADEA claim.

**Baldassario Has a Prima Facie Case.**

The Court of Appeals for the Second Circuit defined the prima facie cases for an

ADEA discriminatory discharge claim.  It has four elements which are: (1) The plaintiff is a member of the protected age group; (2) the plaintiff was qualified to perform the duties required by plaintiff's position; (3) the plaintiff was discharged; and (4) the discharge occurred under circumstances suggesting age was a factor.  Levin v. Analysis & Technology, 960 F.2d 314, 316 (2d Cir. 1992).  Age need not be the only factor in plaintiff's discharge.

For a violation of the ADEA to occur age need only be a determinative factor.  It need not be the only factor causing termination.  960 F.2d at 317.  Plaintiff need only show age made a difference in defendant's actions towards him.  Hagelthorn v. Kennecott Corp., 710 F.2d 76, 82 (1983).

Here, Baldassario proved a prima facie case, or at least proferred enough evidence that it cannot be said, reading all the evidence most favorably towards him, that he has not proved a prima facie case.  Baldassario is a member of the protected age group protected by the statute.  The statute protects people older than 40 years of age.  29 U.S.C. sect. 631(a).  Baldassario conceded to be over 40 years of age, having been born on July 3, 1945.

Baldassario also shows he was qualified in performing his position with defendant.  This is shown by the good reviews and continuous raises.

We contend that there has been absolutely no question of Baldassario's faithful performance. This is not an issue here, but the attached Affidavit of Baldassario sets forth the basis for the claim. Of course, if the defendant had sought to raise some question of performance, then unquestionably that would be an issue of fact, which would inevitably deny any right to a summary judgment..

The third prima facie element is that plaintiff was discharged. Even defendant admits this, and it is therefore clearly not in dispute.

Thus, Baldassario proved the prima facie element of his case: he was discharged by defendant.

As the Affidavit of Baldassario states, over a 20-year period he served a wide series of function, including area manager, dispatcher, new officer training, as well as personnel department, billing, client contracts, and a wide series of activities within the office, as well as in the field, which gave him a broad background in the defendant company and its functions.

The Affidavit also shows that absolutely no effort was made to find a position for Baldassario with the company. The fact that no effort was made to find an alternative position is also a material fact, which should be ruled on by a jury.

The fourth and final prima facie element of Baldassario's case is his discharge occurred "under circumstances suggesting that age was a factor." Levin, 960 at 316. Baldassario has produced significant evidence suggesting age was a factor. Evidence suggesting age was a factor in an employment decision can come from the discharged employee's job functions being assigned to workers younger than the former employee. Montana v. First Federal S & L, 869 F.2d 100, 105 (1989). Evidence can also come from other statistical or circumstantial evidence indicating age was a factor. Id. At 104. For example, if one's job responsibilities are assigned to another position, one is not offered that position, but that position is offered to a younger employee, then this indicates age discrimination occurred. Id. at 105. Evidence of age discrimination is also found when the proferred non-discriminatory reason of the employer is disbelievable. Levin, 960 F.2d at 317.

The Honorable Judge Hall stated in <u>Carpenter v. Fleet Bank</u>, (U.S. Dist. Ct. Docket No. 3:00CV2067) decided March 11, 2003, that "The fact that the plaintiff was replaced with someone who was 33 and significantly younger, was sufficient to satisfy the prong under <u>McDonnell Douglas</u> that the adverse job action took place in circumstances giving rise to an inference of discrimination, thus creating sufficient evidence for a prima facie case.

**<u>CONCLUSION</u>**

For the foregoing reasons, plaintiff avers that the Motion for Summary Judgment should be denied.

          MICHAEL J. BALDASSARIO,

    BY_____
      Igor I. Sikorsky, Jr.
      P.O. Box 38
      Unionville, CT 06085
      (860) 675-5313
      Fed. Bar #04233

## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed, U.S. first-class mail, postage prepaid, this 27th day of April, 2004, to:

Peter E. Gillespie, Esq.
Post Office Box 3416
Westport, CT 06880

                                                                                                        _____
                                                                                                         Igor I. Sikorsky, Jr.