## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL J. BALDASSARIO      :
               Plaintiff,     :     NO. 3:03CV308 (MRK)
v.                       :
                       :
SECURITY SERVICES OF      :
CONNECTICUT, INC.         :
               Defendant.   :

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

_____Currently pending before the Court is Defendant Security Services of Connecticut, Inc.'s Motion for Summary Judgment [doc. # 12]. For the reasons set forth below, the motion is GRANTED.

Summary judgment is appropriate when there is no dispute as to a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party carries the burden of demonstrating that there is no genuine material dispute of fact. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 133 (2d Cir. 2000). The Second Circuit has cautioned that "in determining whether a genuine issue has been raised, the inferences to be drawn from the underlying facts revealed in the affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." *Tomka v. Seiler*, 66 F.3d 1295, 1304 (2d Cir. 1995). That court has also emphasized that additional considerations apply when ruling on a motion for summary judgment in an employment discrimination case. "[I]n an employment discrimination case when, as here, the employer's intent is at issue, the trial court

1

must be especially cautious about granting summary judgment. We reverse a grant of summary judgment if there is any evidence in the record from which a jury could draw a reasonable inference in favor of the nonmoving party on a material fact, i.e., a fact that might affect the outcome of the suit." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)(internal citations omitted).

To establish a *prima facie* case of discrimination, a plaintiff must establish four elements: (1) that the plaintiff is a member of a protected group; (2) that the plaintiff was qualified for the position; (3) that the plaintiff suffered an adverse employment action; and (4) that the adverse action took place under circumstances giving rise to the inference of discrimination. *See, e.g., Fisher v. Vassar College*, 114 F.3d 1332, 1335 (2d Cir. 1997) (en banc). As the Second Circuit has repeatedly emphasized, a plaintiff's burden in establishing a *prima facie* case is minimal. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 102 (2d Cir. 2001); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). These standards apply in ADEA cases just as they do in Title VII cases. *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000).

Defendant concedes in its summary judgment brief that Plaintiff meets the first three elements of the *prima facie* case. *See* Def's Mem. in Supp. of Summ. J. [doc. #13], at 10. Although Defendant argued in its brief that Plaintiff has not met the fourth element of the *prima facie* case – namely, a showing that the termination occurred under circumstances giving rise to an inference of age discrimination – Defendant acknowledged at argument that given the extremely low burden a Plaintiff faces in making a *prima facie* case, the Plaintiff has likely satisfied his *prima facie* showing. The Court agrees. Given the low threshold for the *prima facie* case and the fact that Plaintiff has questioned the reasons for the Defendant's actions and asserted

2

that a younger employee effectively replaced him by filling all his responsibilities after the termination, the Court concludes that Plaintiff has satisfied his *prima facie* showing and the Court therefore advances to the next stage of the inquiry. *See* Aff. of Michael J. Baldassario [doc. #23], ¶11b, 12.

Once the plaintiff establishes a *prima facie* case, "the burden of production shifts to the employer who must defeat a rebuttable presumption of discrimination by articulating a legitimate, non-discriminatory reason for the employment decision." *Byrnie*, 243 F.3d at 102. Like the plaintiff's *prima facie* case, the employer's burden of production is also not very demanding. *See Bickerstaff v. Vassar College*, 196 F.3d 435, 446 (2d Cir. 1999). The Court concludes that Defendant has met its equally low burden of articulating legitimate reasons for the termination by providing evidence of the company's need to reduce its expenses and therefore its workforce and has provided a legitimate reason for selecting Plaintiff's position for elimination. *See* Def's Local Rule 56(a)1 Statement [doc. #14] ¶¶8-11.

If, as here, the employer offers a non-discriminatory explanation for its employment decision, the presumption raised by the plaintiff's *prima facie* case is rebutted and the factual inquiry "proceeds to a new level of specificity." *Fisher,* 114 F.3d at 1336. At this next level, Plaintiff bears the ultimate burden of establishing that Defendant's proffered reason is a pretext for age discrimination. *Id.*; *see Carlton*, 202 F.3d at 136 ("Even in the context of a legitimate reduction-in-force an employer may not discharge an employee 'because' of his age. But [Plaintiff] must demonstrate, at least in his individual case, that the reduction-in-force and the allegation of poor performance are actually a pretext and that the real reason for his discharge was his age.") (internal cites omitted).

3

Though well aware that it is for the jury, not the Court, to resolve any factual issues, the Court concludes (as Plaintiff's counsel acknowledged at oral argument) that this case is appropriate for summary judgment because there are no genuine issues of material fact. Moreover, the Court concludes that Plaintiff has not met this burden of demonstrating that his termination was because of his age. Plaintiff has provided two theories by way of rebutting Defendant's explanation: first, that Defendant's financial situation was not as precarious as Defendant claims; and second, that after his termination, Plaintiff's duties were assumed by a younger employee, Eric Griffin. However, Plaintiff has not provided any "evidence" to support his two theories beyond the conclusory statements set forth in his own affidavit, and in fact has not filed a Local Rule 56(a)2 Statement rebutting Defendant's allegations.[1]

Plaintiff has provided no reason for this Court to rely on his assertions about the nature of Mr. Griffin's current responsibilities and insofar as Plaintiff no longer works for the company, it is not immediately obvious what Plaintiff bases this knowledge upon and he certainly does not say so in his affidavit. By contrast, Defendant presented evidence from both Mr. Griffin and Michael Burbage, President of Defendant SSC, that Mr. Griffin did not assume Plaintiff's position or all of his duties; instead, Plaintiff's duties were spread throughout the company and Plaintiff's position was never filled by any employee, let alone a younger employee. Griffin Aff. [doc. #18] ¶5, Burbage Aff. [doc. #16] ¶20.

---

[1]  The District of Connecticut Local Rules provide that any material fact in a movant's Local Rule 56(a)1 Statement "will be deemed admitted unless controverted by" the Local Rule 56(a)2 Statement. However, even without deeming all of Defendant's representations to be admitted due to Plaintiff's failure to adhere to the local rules, it is clear that Plaintiff has not rebutted Defendant's contentions.

Plaintiff's assertion that there was no economic reason for Defendant's reduction in employees is equally lacking in evidentiary support, as Plaintiff relies only on his statement that new accounts came in during the Spring of 2002, and that none of the accounts that were lost were in his area. See Aff. of Michael J. Baldassario [doc. #23], ¶9, 14. Defendant has acknowledged that new accounts came in during this time period, but also points out, however, that the Hartford office lost more accounts than it gained. Burbage Aff. [doc. #16] ¶10. Furthermore, the fact that the lost accounts were not in Plaintiff's area is irrelevant, even if true, as Defendant claims Plaintiff was terminated not because of any question relating to his performance, but because the company was losing money in the uniformed security division, and specifically in the Hartford office.

Defendant has submitted affidavits and data compilations to support its claims of financial concerns, and Plaintiff conceded at oral argument that he had no evidence to contradict Defendant's financial data. Burbage Aff. [doc. #16] ¶9, 10. Presumably, if evidence existed to contradict Defendant's claimed financial distress, Plaintiff would have obtained it during discovery and brought it to the Court's attention. At this stage of the proceeding, Plaintiff can no longer rely on his beliefs about what evidence may be available; instead, Plaintiff must come forth with admissible evidence to support his beliefs. "Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor. Thus the non-moving party may not rely on conclusory allegations or unsubstantiated speculation." *Byrnie*, 243 F.3d at 101 (internal quotations omitted). Here, Plaintiff relies on nothing but conclusory allegations and unsubstantiated speculation.

Finally, Plaintiff states in his Affidavit, though he does not mention it in his Response to the Motion for Summary Judgment [doc. #23], that "Burbage informed me that David Linsky, 'owes me for all the years with the company.' He also referred to his age and made a statement about my being in "the twilight of my career.'" Aff. of Michael J. Baldassario [doc. #23], ¶15. Presumably this statement is presented as evidence of the termination being motivated by impermissible considerations of age. However, even taking Plaintiff's account of the statement as true, this remark does not necessarily indicate any discrimination and standing alone cannot be enough to meet Plaintiff's burden on summary judgment. *See Woroski v. Nashua Corp.*, 31 F.3d 105, 109-10 (2d Cir. 1994) (indicating that stray remarks cannot alone prove workplace discrimination) (cited in *Golove v. Monroe Cmty. College*, 29 Fed. Appx. 695, 699 (2d Cir. 2002)).

Accordingly, the Court GRANTS Defendant's motion for summary judgment [doc. #12]. The Clerk is directed to enter judgment for Defendant and close this case.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: June 15, 2004.

6